UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Theodore Martin, Jr., ) | | |
| ) | | |
| Plaintiff, ) | C/A No.: 7:14-cv-00095-GRA | |
| ) | | |
| v. ) | | |
| ) | **ORDER** | |
| A. Celli International, Inc., ) | (Written Opinion) | |
| ) | | |
| Defendant. ) | | |
| ) | | |

This matter comes before this Court on Defendant's Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. ECF No. 8. For the reasons set forth below, Defendant's Motion is GRANTED.

## Background

Plaintiff Theodore Martin, Jr. ("Plaintiff") was a machine operator at Fitesa Simpsonville, Inc. ("Fitesa") who was injured on October 24, 2012, when a slitter machine, "manufactured by Defendant," malfunctioned and crushed Plaintiff's hands. ECF No. 1-1. Plaintiff alleges that Defendant A. Celli International, Inc. ("Defendant") "manufactured, sold, and/or installed the slitter machine," and that Fitesa "purchased the slitter machine in a new condition from Defendant on or about 2010." *Id.* Plaintiff initially filed this case in the Spartanburg County Court of Common Pleas on December 5, 2013. *Id.* Defendant removed the case to this Court on January 10, 2014, ECF No. 1-2, and filed the present Motion to Dismiss, pursuant to Rules 12(b)(6) and 12(b)(7), on January 17, 2014, ECF No. 8. Plaintiff responded in opposition to Defendant's Motion on February 21, 2014. ECF No. 16. Defendant

replied in support of its Motion to Dismiss on February 28, 2014. ECF No. 19. This matter is now ready for ruling.[1]

## Standard of Review

Defendant bases its Motion to Dismiss on Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. ECF No. 8. Rule 12(b)(6) provides a defense to a claim for relief based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

While analyzing Defendant's Motion, the district court must construe all inferences in the light most favorable to Plaintiff, and the motion should be granted only if Plaintiff has no chance of prevailing on the merits of their arguments. *See Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). Therefore, Defendant's Motion "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling

---

[1] "Hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Local Civil Rule 7.08 DSC.

him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, this Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," nor must this Court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). This Court may consider the complaint, "documents attached to the complaint", documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic," and "may properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Rule 12(b)(7) provides a defense to a claim for relief based on failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7); *Register v. Cameron & Barkley Co.*, 467 F. Supp. 2d 519, 530 (D.S.C. 2006) ("Rule 12(b)(7) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to join a party in accordance with Rule 19."). To decide whether to dismiss an action for failure to join a party under Rule 19, the court must proceed in two-steps. First, the court must determine "whether a party is necessary to a proceeding because of its relationship to the matter under consideration pursuant to Rule 19(a)." [2] *Owens-Ill., Inc. v. Meade*, 186

---

[2] Fed. R. Civ. P. 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or

F.3d 435, 440 (4th Cir. 1999). The party arguing that another party must be joined has the burden to "show that the person who was not joined is needed for a just adjudication." *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005) (internal citations omitted). If the absent party is necessary, it will be ordered into the action. *Owens-Ill.*, 186 F.3d at 440. If the party cannot be joined because its joinder will destroy diversity, the court proceeds to the second step and must then determine "whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b)[3] and the action must be dismissed." *Id.* Rule 19(b) delineates four factors which help guide courts in determining whether to dismiss the action or allow the action to proceed in the absence of the missing party.

The court must proceed pragmatically, and "consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994) (internal citation omitted). "Courts are loath to dismiss cases based on nonjoinder of

---

      (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

[3] Fed. R. Civ. P. 19(b) provides:

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens-Ill.*, 186 F.3d at 441. The Court's determination under Rule 19(b) is equitable and left to the Court's discretion. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–119 (1968).

## Discussion

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. ECF No. 8. This Court will address each of these arguments below. However, this Court must first consider Defendant's judicial notice request, as it directly relates to Defendant's Motion to Dismiss.

**I. Judicial Notice**

Defendant asks this Court to take judicial notice of the fact that Defendant "is *not* a textile plant equipment manufacturer." ECF No. 8-1. "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. First, Defendant states that it is incorporated in the State of Florida, and cites to Annual Reports from the official website of the Florida Department of State for the proposition that it maintains a single "principle place of business." ECF Nos. 8-1 & 8-4; see *Phillips v. McKie*, C/A No. 2:10-2956-HFF-BHH, 2011 WL 1326328, at *FN 4 (D.S.C. Feb. 15, 2011) *report and recommendation adopted*, Civil Action No. 2:10-2956-HFF-BHH, 2011 WL 1322867 (D.S.C. Apr. 6, 2011) ("The court may take

judicial notice of factual information located in postings on government websites."). Defendant then cites to Google Maps, building photos, zoning maps, City of Fort Lauderdale Planning and Zoning Department ordinance excerpts and designations, and Coral Springs Land Development Code excerpts and zoning designations for the proposition that Defendant's "principle place of business has always been located in office buildings zoned for the business, shopping, and service industry. ECF Nos. 8-1 & 8-5; *see Pahls v. Thomas*, 718 F.3d 1210, 1216 (10th Cir. 2013) (taking "judicial notice of a Google map and satellite image because the accuracy of the source could not reasonably be questioned); *see also Koscielski v. City of Minneapolis*, 435 F.3d 898, 901 (8th Cir. 2006) (taking judicial notice of zoning ordinances). Defendant argues that because "applicable zoning codes actually prohibit manufacturing in the areas where [Defendant] has ever been located" and because Defendant "is and always has been located in office space in a commercial office building, [Defendant] could not possibly manufacture or maintain large textile equipment." ECF No. 8-1.

"Plaintiff concedes Defendant's legal assertion that courts may take judicial notice of applicable zoning codes." ECF No. 16. However, Plaintiff asserts that it is inappropriate for this Court "to take judicial notice that Defendant was not the manufacturer, seller or installer of the slitter machine" based on these zoning maps and designations. *Id.* "The consequences of a court taking judicial notice are significant." *Loftus v. F.D.I.C.*, C.A. No. 2:13-CV-00379-PMD, 2013 WL 5797727, at *4 (D.S.C. Oct. 28, 2013). Not only will judicial notice of a fact in a civil matter establish the fact as conclusive, but judicial notice "may also preclude the introduction of evidence to disprove the noticed fact." *Id.*; Fed. R. Evid. 201(g); *see* Fed. R. Evid.

201(g) advisory committee's note. Analyzing Defendant's request in light of the "tradition of circumspection" surrounding judicial notice in this Court, this Court finds that Defendant's exhibits do not sufficiently demonstrate that Defendant "is *not* a textile plant equipment manufacturer," and thus this Court may take judicial notice of that fact. *Loftus*, 2013 WL 5797727, at *4; Fed. R. Evid. 201(b).

Plaintiff also objects to the use of the sworn declaration of Defendant's President, Domenico Cecchini, in support of Defendant's claim that it is not the manufacturer of the slitter machine. ECF No. 16. Plaintiff points out that "while the Court *may* take judicial notice of the fact that a document or pleading has been filed for certain purposes . . . it does not necessarily take judicial notice of the facts contained within the pleading." *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008) (citations omitted). "Admission into evidence of facts contained within a pleading filed with a court must also be evaluated using the remaining evidentiary rules, such as hearsay and exceptions thereto." *Id.* Plaintiff asserts that "[b]ased upon evidentiary law regarding the contents of affidavits, the Court should exclude, and at the very least not take judicial notice, of the contents of Cecchini's affidavit for purposes of the Motion to Dismiss." ECF No. 16.

Additionally, Plaintiff argues that consideration of Cecchini's affidavit would convert the instant Motion to Dismiss into a summary judgment motion. "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Despite this general rule, the United States Court of Appeals for the Fourth Circuit has explained that courts "may consider official

public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (unpublished per curiam opinion). However, this affidavit does not fit within any of these exceptions as this affidavit is not an official public record and was not central to plaintiff's claim or sufficiently referred to in the complaint.

A motion for summary judgment is not appropriate at this time. "As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986), and the nonmoving party has opposed the motion on the grounds that he has not had the opportunity for discovery, *Evans*, 80 F.3d at 961. In the present case, Defendant filed the Motion to Dismiss seven days after this case was removed from the Spartanburg County Court of Common Pleas, and Plaintiff has opposed Defendant's Motion on the grounds that "Defendant's Motion for Summary Judgment is premature at this time as no discovery has been conducted in this case." ECF No. 16. Therefore, this Court will not consider the affidavit.

## II. Rule 12(b)(6)

Defendant argues that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) as the Complaint has failed to state a claim under which relief can be granted. ECF No. 8-1. Defendant asserts that "Plaintiff's

Complaint fails because it alleges manufacturing defect claims and other claims against the manufacturer," but only names one defendant: A. Celli International, Inc. ECF No. 8-1. Defendant states that it is not the manufacturer or seller of the slitter machine that injured Plaintiff at Fitesa Simpsonville, Inc.'s textile plant. *Id.* Rather, Defendant asserts that it "is in the business of providing after-sales training, technical support, and servicing of certain textile machinery." *Id.* Defendant bases its argument on the exhibits included with its Motion to Dismiss,[4] as well as Plaintiff's own admissions about Defendant and Defendant's role in the A. Celli Group of companies.

Plaintiff acknowledges that "Defendant appears to be the servicing arm of the group of A. Celli companies" and that "A. Celli Nonwovens appears to be the design and manufacturing entity for the slitter machines," but argues that Defendant should share liability with A. Celli Nonwovens under a theory of amalgamation of interests. ECF No. 16. South Carolina law allows liability to be shared between separate entities when the "evidence [has] revealed an amalgamation of the corporate interest, the entities, and activities so as to blur the legal distinction between the corporations and their activities." *Magnolia N. Prop. Owners' Ass'n, Inc. v. Heritage Cmtys., Inc.*, 725 S.E.2d 112, 118 (S.C. Ct. App. 2012) (internal quotation marks and citations omitted). Courts applying South Carolina law have looked at shared ownership, officers, directors, office space, phone numbers, and letterhead, as well as oversight and supervision. *Id.* (citations omitted).

Plaintiff argues that "Defendant is part of a group of companies comprised of several different domestic and international corporations bearing the A. Celli name."

---

[4] As stated previously, this Court will not consider the Declaration of Domenico Cecchini. ECF No. 8-3.

ECF No. 16. Specifically, Plaintiff states that "A. Celli Nonwovens, an Italian company, is a world leading producer of customized winders and slitter-rewinders." *Id.*; *see* ECF No. 16-1. Plaintiff points out that Defendant, the servicing arm of the A. Celli group, and A. Celli Nonwovens, the design and manufacturing arm, share executive management, an email address, and a phone number according to the A. Celli Group's public website. ECF Nos. 16 & 16-1.

Defendant, in its Reply, asserts that the facts alleged by Plaintiff "do not support a theory of amalgamation under South Carolina law." ECF No. 18. Defendant argues that Plaintiff has not shown anything more than what was deemed a "kitchen-sink approach" in a similar District of South Carolina case, which stated that "vague and conclusory allegations do not suffice." *Mincey v. World Sav. Bank, FSB*, 614 F. Supp. 2d 610, 622–23 (D.S.C. 2008); ECF No. 18. Defendant also notes that the same website relied upon by Plaintiff also discusses the different services provided by each individual company. ECF No. 18. Defendant asserts that these allegations do not establish the requisite blurring of corporate distinctions to support the amalgamation of interests theory, citing to the general principle that a parent corporation is not liable for the acts of its subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); ECF No. 18.

Additionally, Defendant argues that "none of these factual allegations appear in the Complaint as required by Rules 8 and 12(b)(6)," because "Plaintiff does not mention Nonwovens in his Complaint, nor does he plead the amalgamation argument." ECF No. 18. "A memorandum in opposition or response . . . cannot remedy the defects in a party's complaint." *Booker v. Wash. Mut. Bank, F.A.*, 375 F.

Supp. 2d 439, 441 (M.D.N.C. 2005).  "The remedy for an insufficient complaint is amendment under Rule 15 of the Federal Rules of Civil Procedure." *Id.* at 441–42. Therefore, Plaintiff's attempt to bolster his Complaint with "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" based upon this new amalgamation of corporate interests theory must fail. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

After a review of the record, including the filings of both parties, this Court finds that Defendant's Motion to Dismiss should be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's Response to Defendant's Motion acknowledges that Defendant is not the manufacturer of the slitter machine, despite statements in Plaintiff's Complaint that Defendant is the manufacturer and the fact that Plaintiff's causes of action are based on Defendant's liability as manufacturer.  Additionally, Plaintiff's attempt to salvage his Complaint based on a theory of amalgamation of corporate interests fails procedurally, as these allegations do not appear in the Complaint, and substantively, as Plaintiff has not alleged sufficient facts to establish that the corporate distinctions between Defendant and A. Celli Nonwovens were so blurred that the corporations were essentially amalgamated.

## III.  Rule 12(b)(7)

Defendant additionally argues that Plaintiff has failed to join a necessary party. Fed. R. Civ. P. 12(b)(7); ECF No. 8-1.  Defendant argues that "Plaintiff fails to join a necessary party, to wit:  the manufacturer from whom he seeks relief."  ECF No. 8. Defendant asserts that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(7) for failing to join this necessary party in accordance with Federal

Rule of Civil Procedure 19. ECF No. 8-1. Defendant argues that the manufacturer of the slitter machine is a necessary party and should be added, as "the court cannot accord complete relief among existing parties" without the manufacturer. *Id.*; Fed. R. Civ. P. 19(a)(1)(A). Defendant bases this argument on Plaintiff's Complaint which centers its claims on the allegation that Defendant designed, manufactured, and engineered the slitter machine. ECF No. 1-1.

Plaintiff, in his Response, requests that he be allowed to amend his Complaint under Federal Rule of Civil Procedure 15(a). ECF No. 16. However, Plaintiff "asserts that there is no need to amend the Complaint at this point in time," and argues that more discovery is necessary before this Court can fully consider Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7). *Id.* "Plaintiff requests that he be allowed to amend his Complaint in the event that discovery reveals the necessity to add an indispensable party." *Id.* Plaintiff states that this amendment "would not prejudice the Defendant, as Defendant would have ample opportunity to respond to the allegations of the Amended Complaint." *Id.*

Defendant's Reply dismisses this request as "an effort to forestall the inevitable dismissal." ECF No. 18. Defendant cites to *Mincey*, which granted the motion to dismiss of two defendants despite a request from plaintiffs to allow them to amend their complaint in the event that the "Court finds that Plaintiffs have not sufficiently pled the facts in their Complaint." *Mincey*, 614 F. Supp. 2d at 625, 647; ECF No. 18.

Based on the arguments of both parties, this Court finds that Plaintiff has failed to join a necessary party to this action, namely, the manufacturer of the slitter

machine. Plaintiff's Complaint makes it clear that the manufacturer of the slitter machine is the focus of Plaintiff's causes of action, and Plaintiff's Response acknowledges that Defendant is not the manufacturer. Plaintiff's attempt to prevent dismissal by a cursory request to possibly amend the Complaint if the need should arise is not sufficient and does not require this Court to consider whether to allow leave to amend. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999) ("[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it."); *Mincey*, 614 F. Supp. 2d at 625 ("The court therefore concludes that if Plaintiffs wish to amend, they should file the appropriate motions."). As Plaintiff has not moved to amend his Complaint, but has instead only requested that he be allowed to amend his Complaint if discovery reveals the need to add a necessary party, this Court will not treat Plaintiff's Response as a motion to amend complaint, and Plaintiff's Complaint must fail under Federal Rule of Civil Procedure 12(b)(7).

## Conclusion

After a thorough review of the filings of both parties, this Court finds that Defendant's Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure should be granted. Plaintiff has failed to provide factual allegations in his Complaint sufficient under Federal Rule of Civil Procedure 8(a), as clarified in *Twombly* and *Iqbal*, to support any theory of liability against Defendant, including a theory based on amalgamation of interests, given Plaintiff's admission that Defendant is not the manufacturer of the slitter machine. *See* Fed. R. Civ. P. 8(a)(2).

Plaintiff's attempts to bolster his Complaint through his Response to Defendant's Motion to Dismiss are insufficient to survive a motion to dismiss. In addition, Plaintiff has failed to join a necessary party, the actual manufacturer of the slitter machine.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is GRANTED without prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May  12 , 2014
Anderson, South Carolina